UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FREEMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>BNC MORTGAGE INC., et al.,<br><br>          Defendants. | No. 2:15-cv-00596-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff David Freeman ("Plaintiff") seeks damages for alleged violations of the Real Estate Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). Plaintiff also alleges that his mortgage contract with Defendant BNC Mortgage Inc. was "void ab initio." Defendant Wells Fargo ("Wells Fargo") has filed a Motion to Dismiss the Complaint (ECF No. 4). For the reasons that follow, the Motion is GRANTED and Plaintiff's Complaint is DISMISSED with leave to amend.[1]

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g). After the Court vacated the hearing date, BNC Mortgage Inc. submitted a Notice of Filing of Bankruptcy, which results in an automatic stay under 11 U.S.C. § 362. Wells Fargo is not the subject of the automatic stay, and this order concerns Wells Fargo's Motion to Dismiss. See Bruce v. Suntech Power Holdings Co. Ltd., No. CV 12-04061 RS, 2013 WL 6843610, at *1 (N.D. Cal. Dec. 26, 2013).

1

# BACKGROUND[2]

At all times relevant to this action, Plaintiff was the only true owner of the real property known as 11582 Winter Moon Way, Nevada City, California 95959 ("the Property"). On July 21, 2005, Plaintiff and Defendant BNC Mortgage Inc. ("BNC Mortgage"), which is a subsidiary of Defendant BNC National Bank, Inc., entered into a thirty-year mortgage note. The mortgage note was secured by a first priority Deed of Trust on the Property. BNC Mortgage, who is the "lender" under the Deed of Trust, claimed to have the right to collect payments from Plaintiff. BNC Mortgage subsequently transferred the servicing of the loan to Defendant America's Servicing Company ("ASC"),[3] who in turn transferred the servicing to JPMorgan Chase, N.A.[4]

On December 29, 2014, Plaintiff sent a letter to ASC requesting information related to the loan. That letter is attached to the Complaint as Exhibit A. ASC responded to Plaintiff's inquiries in a letter dated January 29, 2015, which is included in Exhibit B to the Complaint.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[5] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the

---

[2] The following statement of facts is based on the allegations in Plaintiff's Complaint (ECF No. 1).

[3] The pending Motion to Dismiss indicates that Wells Fargo was doing business as America's Servicing Company. See ECF No. 4.

[4] Although initially included as a Defendant in Plaintiff's Complaint, Plaintiff has voluntarily dismissed JPMorgan Chase, N.A. from this action. ECF No. 5.

[5] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the

amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

## ANALYSIS

In the pending Motion to Dismiss, Wells Fargo argues that the Complaint fails to a state a claim upon which relief can be granted. Proper analysis of the Motion requires examination of each cause of action in the Complaint.

### A. RESPA

The first cause of action in the Complaint alleges that ASC violated RESPA. Specifically, Plaintiff contends that the letter it sent ASC on December 29, 2014 was a "qualified written response" that, under RESPA, required a response within ten days. According to Plaintiff, ASC did not respond to Plaintiff's letter until it sent the letter dated January 29, 2015. Wells Fargo argues that the Complaint fails to state a claim under RESPA because (1) the letter that Plaintiff sent ASC on December 29, 2014 was not a qualified written response, and (2) the Complaint does not state any cognizable legal damages related to the alleged RESPA violation. The Court will address each of these arguments in turn.

///

4

### 1. Qualified Written Response

RESPA defines a qualified written response as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

The Court has little difficulty finding, at least at this stage of the litigation, that the letter Plaintiff sent to ASC on December 29, 2014 is a qualified written response under RESPA. The letter is a written correspondence that includes the name and account of the borrower. See Compl. at Ex. A (identifying Plaintiff by name and as a "borrower under a residential loan," and providing a loan number (NPB013241)).[6] The letter also provides sufficient detail to the servicer regarding the information that Plaintiff sought. Plaintiff's letter specifically requested:

> The name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.
>
> The identity, address, telephone number of any creditors subsequent to BNC Mortgage, Inc., a Delaware Corporation asserting an interest in any Note or Deed of Trust secured by 11582 Winter Moon Way, Nevada City, CA 95959.
>
> The date of any transfers of interest, in whole or in part, from BNC Mortgage, Inc., a Delaware Corporation.
>
> The identity, address, telephone number, and any other contact information for an agent or party having legal authority to act on behalf of the new creditor or entity asserting any interest secured by 11582 Winter Moon Way, Nevada City, CA 95959.

///

---

[6] "[M]aterial which is properly submitted as part of the complaint may be considered on a motion to dismiss." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

> The location of the place, state and county, or other jurisdiction, where transfer of ownership of the any secured debt or interest in 11582 Winter Moon Way, Nevada City, CA 95959 has been recorded; and
>
> Any other relevant information regarding the identity, location, or nature of debt or interest held by any new creditor.

Id. Accordingly, for purposes of the pending Motion to Dismiss, the letter that Plaintiff sent ASC on December 29, 2014 is a qualified written response under RESPA.

### 2. Damages

Because Plaintiff sent ASC a qualified written response, ASC was required to timely respond to Plaintiff's inquiries. 12 U.S.C. § 2605(e)(2)(C). Plaintiff contends that ASC violated RESPA (and that Plaintiff is therefore entitled to damages) because ASC did not provide the requested information until it sent the letter dated January 29, 2015. As to damages:

> RESPA, as codified at 12 U.S.C. § 2605(f)(1)(A), authorizes "actual damages to the borrower as a result of the failure [to comply with RESPA requirements]." (emphasis added). Therefore, allegations made under a separate cause of action are insufficient to sustain a RESPA claim for actual damages as they are not a direct result of the failure to comply. Nor does simply having to file suit suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in.

Lal v. American Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Thus, "the loss alleged must be related to the RESPA violation itself." Id.

Plaintiff's Complaint is deficient with respect to damages. Plaintiff's conclusory claim that he "suffered damages in an amount to be proven at trial" is insufficient to survive a motion to dismiss for failure to state a claim. Plaintiff appears to realize as much in his Opposition. See Pl.'s Opp'n at 5, ECF No. 6 (conceding that his pleading "of TILA and RESPA damages are convoluted and would benefit from separation of the two for clarity," and requesting leave to amend to better articulate the alleged damages).

Thus, the Complaint fails to state a claim for relief under RESPA. Because Plaintiff's RESPA claim can be saved by amendment, Plaintiff is granted leave to file an amended complaint.

**B.     TILA**

Plaintiff's second cause of action alleges that ASC violated TILA.  Because Plaintiff does not oppose the dismissal of the claim, ECF No. 6 at 5, the TILA claim is dismissed.

**C.     Validity of Contract**

Plaintiff's third cause of action alleges that his mortgage contract with BNC Mortgage was "void ab initio."  Specifically, Plaintiff alleges that BNC Mortgage, a purported Delaware corporation, was the only other party to the mortgage contract, and that BNC Mortgage did not actually exist at the time of contract formation because it was never organized under the laws of Delaware.  Plaintiff concludes that the mortgage contract was thus void from the beginning "based on impossibility and [is therefore] unenforceable by either party."  Compl. at 7.  Wells Fargo contends that the Court should dismiss the claim because courts recognize an equitable mortgage when there is a defect in the execution of a mortgage contract.  In his Opposition, Plaintiff argues Wells Fargo cannot move for the dismissal of the third cause of action because the claim is asserted against BNC Mortgage only.

First, the Court may dismiss the third cause of action, notwithstanding the fact that the issue is before the Court on Wells Fargo's Motion to Dismiss.  Plaintiff does not provide any support for his claim that a defendant cannot move to dismiss a claim asserted only against a co-defendant.  Furthermore, the Ninth Circuit recently reaffirmed that courts have the power to sua sponte dismiss a complaint for failure to state a claim upon which relief can be granted.  See Seismic Reservoir 2020, Inc. v. Paulsson, No. 13-55413, 2015 WL 1883388, at *4 (9th Cir. Apr. 27, 2015) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987)).  If the Court has the authority to dismiss the third cause of action sua sponte, then surely it may do so on Wells Fargo's Motion.

Second, the third cause of action fails to state a claim upon which relief can be granted.  There are two doctrines precluding relief:  equitable mortgage and corporation

7

by estoppel.  California courts have long recognized equitable mortgages:

> [I]t is settled that every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his purchasers or encumbrancers with notice.  Thus, a promise to give a mortgage or a trust deed on particular property as security for a debt will be specifically enforced by granting an equitable mortgage.  An agreement that particular property is security for a debt also gives rise to an equitable mortgage even though it does not constitute a legal mortgage.  If a mortgage or trust deed is defectively executed, for example, an equitable mortgage will be recognized.

Clayton Development Co. v. Falvey, 206 Cal. App. 3d 438, 443-44 (1988) (citations and internal formatting omitted).

Additionally, the corporation by estoppel doctrine provides that "[a]n individual who contracts with an association as if it were a corporation, cannot escape liability on the contract by denying corporate existence."  9 Witkin, Summary of Cal. Law (10th), Corporations § 20.  See also Close v. Glenwood Cemetery, 107 U.S. 466, 477 (1883) ("One who deals with a corporation as existing in fact, is estopped to deny as against the corporation that it has been legally organized."); Curtin v. Salomon, 80 Cal. App. 470, 477 (1926) ("It is too well settled now to be controverted that a party who contracts with a corporation . . . is estopped from denying the existence of the corporation.").  The doctrine of corporation by estoppel is "especially applicable where the contract or note expressly recites that one party to it is a corporation."  8 Fletcher Cyc. Corp. § 3910.

Because Plaintiff contracted with BNC Mortgage as if it were a corporation, Plaintiff cannot escape liability on the mortgage contract that it entered into with BNC Mortgage—even if, as Plaintiff alleges, BNC Mortgage was not a properly formed corporation at the time.  Additionally, Plaintiff's promise would be specifically enforced by way of an equitable mortgage.  Accordingly, Plaintiff's third cause of action is dismissed.

///

///

**CONCLUSION**

For all of the foregoing reasons, Defendant Wells Fargo's Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff is granted twenty (20) days from the date of electronic service of this order to file a First Amended Complaint. Failure to timely file an amended complaint in compliance with this Order will result in this action being dismissed for failure to state a claim without any further notice to the parties.

IT IS SO ORDERED.

Dated: June 16, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT