UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FREEMAN, | No. 2:15-cv-0596-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BNC MORTGAGE INC., et al., | |
| Defendants. | |

Proceeding on his First Amended Complaint ("FAC") (ECF No. 10), Plaintiff David Freeman ("Plaintiff") seeks damages for alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). Plaintiff also alleges that his mortgage contract with Defendant BNC Mortgage Inc. was "void ab initio." Defendant Wells Fargo ("Wells Fargo") has filed a Motion to Dismiss the FAC ("Motion"). ECF No. 11. For the reasons that follow, the Motion is GRANTED and the FAC is DISMISSED with prejudice.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

At all relevant times, Plaintiff was the only true owner of the real property known as 11582 Winter Moon Way, Nevada City, California 95959 ("the Property"). On July 21, 2005, Plaintiff and Defendant BNC Mortgage Inc. ("BNC Mortgage"), which is a subsidiary of Defendant BNC National Bank, Inc., entered into a thirty-year mortgage note. The mortgage note was secured by a first priority Deed of Trust on the Property. BNC Mortgage, who is the "lender" under the Deed of Trust, claimed to have the right to collect payments from Plaintiff. BNC Mortgage subsequently transferred the servicing of the loan to Defendant America's Servicing Company ("ASC"),[3] who in turn transferred the servicing to JPMorgan Chase, N.A.[4]

On December 29, 2014, Plaintiff sent a letter to ASC requesting information related to the loan. That letter is attached to the FAC as Exhibit A. ASC responded to Plaintiff in a letter dated January 29, 2015; that letter is attached to the FAC as Exhibit B.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[5] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

---

[2] The following statement of facts is based on the allegations in the FAC.

[3] The pending Motion to Dismiss indicates that Wells Fargo was doing business as America's Servicing Company. See ECF No. 11.

[4] Although initially included as a Defendant in Plaintiff's original complaint, Plaintiff has voluntarily dismissed JPMorgan Chase, N.A. from this action. ECF No. 5.

[5] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

2

1 | Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
2 | 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require
3 | detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of
4 | his entitlement to relief requires more than labels and conclusions, and a formulaic
5 | recitation of the elements of a cause of action will not do."  Id. (internal citations and
6 | quotations omitted).  A court is not required to accept as true a "legal conclusion
7 | couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
8 | Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief
9 | above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &
10 | Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the
11 | pleading must contain something more than "a statement of facts that merely creates a
12 | suspicion [of] a legally cognizable right of action")).

13 | Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
14 | assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and
15 | quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard
16 | to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
17 | the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &
18 | Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to
19 | relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their
20 | claims across the line from conceivable to plausible, their complaint must be dismissed."
21 | Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
22 | that actual proof of those facts is improbable, and 'that a recovery is very remote and
23 | unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

24 | A court granting a motion to dismiss a complaint must then decide whether to
25 | grant leave to amend.  Leave to amend should be "freely given" where there is no
26 | "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
27 | to the opposing party by virtue of allowance of the amendment, [or] futility of the
28 | amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

## ANALYSIS

The Court previously dismissed Plaintiff's original complaint for failure to state a claim.  See ECF No. 9.  The FAC does not cure the defects that the Court identified in its previous order.  Examination of each cause of action in the FAC makes clear that Wells Fargo's Motion to Dismiss must be granted and the FAC dismissed as well.

**A.   RESPA**

The Court explained in its previous order that the letter Plaintiff sent ASC on December 29, 2014 was a "qualified written request" that, under RESPA, required a response within ten days.  However, the Court found that Plaintiff had inadequately pled a RESPA claim because the complaint did not state any cognizable legal damages related to the RESPA violation.  There is no need for the Court to revisit whether the December 29, 2014 letter was a qualified written request, as the FAC again fails to state cognizable legal damages related to the RESPA violation.

///

///

///

> RESPA, as codified at 12 U.S.C. § 2605(f)(1)(A), authorizes "actual damages to the borrower <u>as a result of</u> the failure [to comply with RESPA requirements]." (emphasis added). Therefore, allegations made under a separate cause of action are insufficient to sustain a RESPA claim for actual damages as they are not a direct result of the failure to comply. Nor does simply having to file suit suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in.

<u>Lal v. American Home Servicing, Inc.</u>, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Thus, "the loss alleged must be related to the RESPA violation itself." <u>Id.</u>

With respect to the "direct and proximate result of Defendant's violations of RESPA," Plaintiff lists physical ailments of "Monica Hiner," "Marco Salas," "Cadence Salas," and "Emma Salas." <u>See</u> FAC at 9-12. While the FAC states that these individuals are "Plaintiffs," <u>id.</u> at 9, their names are not included in the caption of any of Plaintiff's various filings (let alone the FAC). Furthermore, even if the named individuals were proper parties to this action, there is absolutely no explanation as to the relationship between their alleged physical ailments and the alleged RESPA violation. Plaintiff's additional and incoherent factual allegations are insufficient to survive a motion to dismiss for failure to state a claim.[6]

Thus, the FAC fails to state a claim for relief under RESPA.

**B.    TILA**

Plaintiff's second cause of action alleges that ASC violated TILA. Because Plaintiff does not oppose the dismissal of the claim, ECF No. 12 at 5, the TILA claim is DISMISSED.[7]

///

///

---

[6] Future filings with unexplained, irrelevant, and absurd statements such as "I don't exactly where I picked up the girls and took them out for mommy date but I was so very ill I needed to come" and "AMERICA'S has been an uncooperative and difficult Plaintiff to document to drink and we all drank range same water coming this world same I believe its just 'going out,'" FAC at 8, 11, will subject Plaintiff's counsel to sanctions.

[7] The Court notes that Plaintiff included the TILA claim in the FAC despite not opposing the dismissal of that claim when Wells Fargo moved for the dismissal of the original complaint. <u>See</u> ECF No. 6 at 5.

### C.     Validity of Contract

Plaintiff's third cause of action alleges that his mortgage contract with BNC Mortgage was "void ab initio." For the reasons stated in the Court's June 17, 2015 Order, Plaintiff's third cause of action is DISMISSED.

## CONCLUSION

For all of the foregoing reasons, Defendant Wells Fargo's Motion to Dismiss (ECF No. 11) is GRANTED, and Plaintiff's First Amended Complaint (ECF No. 10) is DISMISSED. In light of Plaintiff's inability to cure the defects that the Court identified in the June 17, 2015 Order dismissing the original complaint, further leave to amend would be futile; the dismissal of the First Amended Complaint is therefore with prejudice. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  October 9, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT